Your Honors, Mark Fuller for Appellant's Liberty Mutual Companies. I'd like to reserve three minutes of my time for rebuttal, please. May it please the Court. Your Honors, this is an appeal of an attorney's fees award under 28 U.S.C. section 1447C in connection with the District Court's remand of this case back to state court. The District Court based its attorney's fees award solely on a finding of unusual circumstances, and it stated that those unusual were that Liberty Mutual had previously and improperly removed this case twice before. And she was wrong about that, but suppose she had said accurately that there had been remands in two similar cases, and they certainly should have realized that this wasn't going anywhere, and that was an unusual circumstance. And one of which, Liberty Mutual was involved, and another one, its affiliate Safeco, was involved, right? Is that accurate? That is, those are the two cases that Dr. Schiff cites as the basis for affirming that unusual circumstances case. Neither one of those can serve as a basis for an unusual circumstances finding in this case for two reasons. First of all, that's a focus on just two of what are multiple cases in which Dr. Schiff's represented different watch and medical providers. Some are removed. You're focusing on his counsel being the same. He's focusing on your counsel being the same. Maybe we should leave the counsel out of this, okay? Sure, then I guess it's fair to say, as this court noted in Chan versus Liberty Mutual, these cases come to the court with a background that is rather long and tortured and procedural history that is complicated and needs to be seen through that background and context. And the background and context is bigger than the Kurz versus Safeco case and the Chan versus Liberty Mutual case. There were other cases that were not removed, and there were other cases that were removed and stayed in federal court. But even if you just focus on Kurz versus Safeco and Chan versus Liberty Mutual, this court held in Chan versus Liberty Mutual that the basis for the district court's remand order and untimeliness decision was erroneous, and it vacated the attorney's fees award in that case. Now on remand of the Section 1447C part of that case, the claims themselves went back down to state court where they were being litigated. But the attorney's fees award component went back down to the Western District of Washington and to Judge Martinez. And Chan, again represented by Dr. Schiff's counsel, filed a second motion for- He thought that it was objectively reasonable, but that doesn't mean- but not correct, right? Well, he did not opine on- Well, but it's now- it's remanded. It is- I mean, nobody's said that you were right. They just- he just said that- it was his opinion that it wasn't objectively unreasonable. That doesn't give you any basis for doing it again. Well, it was a bit of a void because the only basis for the remand was legal error. It was an untimeliness holding that this court found ran afoul of its precedent. And so there was no holding that Liberty did anything wrong. When you look at both this court's decision in 2017 and then- I'm confused. Wasn't it in fact remanded? It was in this court. Not on- yes, and this court said it was improper on the timing ground. But it didn't say it was improper on the other- on the federal question ground. It did not opine. It said we expressed no opinion on the merits of that argument. And then Judge Martinez held that that argument was objectively reasonable. But not that it was correct, right? But not that it was incorrect either. And so in that, between these two decisions, the 2017 decision by this court and Judge Martinez's 2018 decision, there's no basis for an attorney's fees award against Liberty Mutual in that case, much less against this case. And then what about the Chan- is there Chan v. Safeco, which was removed and settled? Do I have that right? That's exactly right, Your Honor. Chan v. Safeco was filed in 2015 at about the same time that Chan v. Liberty Mutual was filed. It was removed to federal court whenever Chan's counsel sent a settlement demand that valued just the individual portion of his claim at $125,000. Well, I'm not interested in the money so much as that it was removed and then settled while in federal court, so at least there was not an attempt to knock it out of federal court at that point. That's correct. No motion for remand was litigated in that case. Can we go to the objective, in this case, the objective reasonableness? I'm sorry, Your Honor. The objective reasonableness question. Sure. So Liberty had two alternative bases for asserting primary jurisdiction. One was as to Dr. Schiff's individual claim. And as to the individual claim, we relied on traditional diversity under 28 U.S.C. Section 1332A, and the question was whether or not the amount in controversy, the $75,000 it's required, was met. And so in order to establish that amount in controversy by the preponderance of the evidence, we relied on the settlement demand that Dr. Schiff's counsel had served in 2015 in Chan v. Safeco. That's the exact same claim. It's at the context of a class action, and it's a settlement demand that says, I will settle only the individual claim here, not the class claim. That's going to go forward. Only the individual claim for $125,000, excuse me. And so on the basis of that, we removed Chan v. Safeco, and then we also, because this claim in this case was identical to that claim, looked to that settlement offer as evidence of the value of the amount in controversy in this case. That the amount of money in controversy was $100 and some dollars? Well, the actual damages was that. Right. And the actual damages in Chan v. Safeco were also similarly nominal. And so the bulk of it was going to come from attorney's fees, both attributable to the individual claim as well as the class claim. And again, that's where the settlement demand— But in this instance, there was no certified class. Nor was there in Chan v. Safeco. Well, somewhat. This is really in all fours. But there's no certified class, and I don't know how we take into account anything about the class at the point that you were doing this. You were not attempting— If you were—I'm sorry? Excuse me, I didn't mean to interrupt you. You're talking just about the individual claim at this point. There's a separate class claim you're going to get to in a minute, I suppose. Right. But so with regard to the amount in controversy at this point, with regard to adding in fees, aren't we just talking about the individual claim? Yes. And so we are relying and valuing that claim for attorney's fees on the settlement demand that had been served in Chan v. Safeco, which is the exact same claim followed by the exact same plaintiff's counsel, where they say this claim, even though actual damages are nominal, is worth $125,000. And was that a plausible claim? According to them, yes. And so on that basis— They didn't make it here, and it seems really hard to figure out how they're going to get just on the individual claim. If you don't put in—I mean, can you put into the fee question the money you spend or they spend litigating the remand issue? I presume not. No, but that was— All right, so if that's out and all the class claims are out and the only thing that we can be talking about is litigating this individual $100 claim, where are you going to get the fees of that amount? Because in Washington State courts, you don't have an offer of judgment process that allows you to easily move that claim. So you end up litigating the merits of your bill review practice. They challenge the statistical methodology of the computerized database that we rely on to determine whether or not bills are reasonable. And so even though the amount in controversy is relatively little, you end up litigating very serious and complex substantive issues on the way. And that's exactly why, even when they had another nominal actual damages claim in Chan v. Safeco, they still said in order to get out of this, this is going to be $125,000. Am I right that that was, in fact, ultimately settled and we don't know for how much? It was settled. It was public as to how much it was settled. It was settled for $101,000, and the attorney got $85,000 of that. The rest of it went to the client. The attorney got $85,000. So that is in a public record? That is in the public record. It's in the record in this court because we attach that to our notice of removal as part of the evidence of the valuation of this claim. Say again, the initial settlement demand prior to the case ultimately settling, you said, was for $125,000 even though the dollar value of the underlying claim itself was nominal. So what did the settlement demand consist of? Did it say give us $100 for my claim and $124,000 something? It just said pay us $125 to resolve the individual claim. That will be inclusive of attorney's fees attributable to the individual claim. And then there was a separate paragraph in that, and this is at page 89, I believe in the record, where they say, by the way, this doesn't get you out of the class claim. We're going to continue to litigate the class claim. And your settlement was for $101,000, which included $85,000 in attorney's fees? That's correct. What is the status of the issue of whether you look at the fees before the removal or projected forward fees? So now the status is that this court has held in August 2018 that you do get to look at fees over the life of the case. At the time we removed it, we didn't have the benefit of that decision. And so at that time, the Ninth Circuit said you do get to look at attorney's fees but did not weigh in as to whether or not you had to cut that off at the time of removal. District courts were addressing this issue, and we're ending up on both sides. And we briefed it just like that. We said this is an open question in the Ninth Circuit. We cited the good district court opinions for us. We cited the bad ones. And we made an argument as to why the court ought to follow the rule that you get to look over the life of the case, particularly because the concern at that time was a concern over speculation. And here, because of that settlement demand in the Chan v. Safeco case, there wasn't any need to speculate. We knew exactly what attorney's fees over the life of the case would look like. And so now the Ninth Circuit has essentially validated the argument that we had made back in responding to the motion to remand. Tell me again the name of that case is what? The name of that case is Fritsch v. Swift Transportation, 899 F3rd 785. The first party's name is Fritsch? Fritsch, F-R-I-T-S-C-H. If I could take you back for a minute to the litany of previous cases and removals and resolutions. Am I right that there was, in effect, an earlier round where Schiff sues you, it was removed and then voluntarily dismissed? That's correct, Your Honor. So that case also reached federal court and was not remanded because it was voluntarily dismissed, but effectively it got to federal court and was not deemed? That's absolutely right. It was removed and ended up in front of Judge Zille, Dr. Schiff's counsel. Part of it is you've got at least three federal judges in this game, all in western Washington. Let's assume you're right about the possibility of the attorney's fees amount with regard to the individual claim. Then what? You say you have pending jurisdiction over the rest? That's right. Under Exxon v. Alipata, the court can exercise. Including an uncertified class? That's right, as long as one. You have any authority for that? I believe so. Because the fact is we don't, there is no certified class in this case. So you essentially are treating the uncertified class as pending parties? Is that what it amounts to? At that stage, yes, under Exxon v. Alipata. Now, we have a separate argument that if you look at the class claim as it's pleaded. A class claim isn't a claim. It's a class, it's not a separate claim. It's a procedural device for bringing additional parties into the case. So it seems to, I look at this as a pending party issue, not a pending claim issue. Well, what Schiff is essentially doing in this case when he refiles these claims, and these claims are substantially identical to the claims that Chan had brought in Chan v. Liberty Mutual but were stayed while the Washington Intermediate Appellate Court confronted the federal due process issue relating to the enforcement of the Lebanon settlement. Those proceedings get stayed. In Exxon, there was a certified class. There is no certified class here. So how can we have pending jurisdiction over a group of people that we don't even know if they exist at this point? I don't have a site at that time, but I'm happy to look and provide after argument. Okay. And so on the federal question jurisdiction, I think this court needs to look at Dr. Schiff's claim and his decision to represent members of the class that are bound by the Lebanon settlement as really a recommencement of the Chan v. Liberty case. In the Chan v. Liberty case, we knew through the way that case was litigated that there is an unpleaded federal due process claim that Dr. Schiff is going to litigate regardless of whether or not we raise it as an affirmative defense. And so when that claim was refiled essentially in this case, we knew by virtue of the Chan v. Liberty mutual proceedings. Is this a discussion of the pending claim point or is it a discussion of a separate reason for thinking that there's a plausibility as to the jurisdiction over the class? The latter. Right. Again, there is no class at this point. I mean, that throws me quite a bit. Right. There's no certified class. So, it's now contingent for yet another reason. There may never be a class. That's true, but he is purporting, you look at the face of the complaint, he is purporting to represent these individuals. Just because he hasn't yet reached at the time he files the case a class certification decision doesn't mean that you don't get to credit his allegations. But in terms of whether this issue is ever going to come, I'm not sure you can actually read Gunn in what was the earlier case, the way you're reading it, because my understanding of those cases is they're talking about claims embedded in a state law claim as the state law claim is articulated. This is tertiary. I mean, first you have to raise the defense and then he has to raise the defense to It's completely contingent. Four times, three times contingent or maybe four times contingent. But it's a little different here because, and I agree with your Honor, that in the normal case, you have that issue. Here in Chan v. Liberty Mutual, the motion for declaratory... So what? They didn't do it here. They did it there, but they didn't do it here. But when they refiled that claim, we knew from the way they had litigated that claim that there was an unpleaded federal due process claim that they were going to raise... But it's not really a claim. I mean, it's still only in response to a defense. And not only that, even as to the class, it only applies to part of the class. So another possibility... This is why the non-certification of the class matters, because at the point the class is certified, you can certify it without the overlap people. So we don't even know that they're ever going to be in the case. Well, that's the thing, Your Honor. It was not contingent on us raising Lebanon as a defense. That was what made Chan v. Liberty Mutual removable, because... Wasn't that class already certified at that point? No, Your Honor. No? I thought it was. But in any event, you haven't accounted at all for the fact that there's no certified class here. And that... Go ahead. Could I ask you, Counsel? Court below ruled on unusual circumstances. If we agree with you that that's not legitimate, what's your position on whether we should remand and let the District Court have the first crack at all these things we've been talking about? I think merely vacating the fees award would be sufficient, as this Court did in Chan v. Liberty Mutual. It did not instruct the District Court to consider alternative bases for a fees award. Given that both parties have already expended resources in litigating this issue, I think there are good policy reasons for there not being a fees award in this case. But to the extent that this Court believes that the objective reasonableness is an issue that needs to be decided, I think the Court has before it all of the necessary factual record in order to evaluate that. So we should go ahead and decide it, whether we decide it for you or against you? I think if you decide you need to decide it, then I would say go ahead and decide it. All right. Thank you.  Your time has been very helpful. Thank you, Your Honor. Thank you. I think I'm okay, as long as you can hear me. Good morning, Your Honors. May it please the Court. I'm Cindy Heidelberg, counsel for Plaintiff Schiff and the putative Schiff class. In this case, the District Court, after a hearing with the parties in which the Court questioned defense counsel about a pattern of improper removals by the same attorneys in three related cases involving related defendants. But the District Court was just wrong. She said it was all one case, and it wasn't all one case. So I agree with you that the wording in her order was incorrect, but if you look at the hearing that Judge Peckman, the District Court, held in Chambers, the pertinent pages are the supplemental excerpts of Record 19 through 21. It's very clear that she understood the true facts of the case and that she was looking at three different removals, Curbs, Chan, and Schiff, when she was referring to three times. It's very clear that she knew the true facts of the case. She questioned defense counsel about each of those improper removals. She established that, in fact, none of those cases had been remanded, that the remand order stood. And then she made a bad-faith finding that they removed for improper purposes. Was the Chan one ever declared improper? Sorry? In Chan, was the removal ever declared improper? In Chan v. Liberty Mutual, the removal order stands, that it was. I'm sorry? So the ninth — Removal or the remand? The remand order stands. I apologize. Thank you. So at the end of the record, it was improper. Which was the one that was settled while it was in Federal court? That it was. Wasn't one of them settled while in Federal court? Chan v. Safeco was settled while it was in Federal court. It was removed. Plaintiffs filed a motion for remand in Chan v. Safeco. And while that motion for remand was pending, Safeco made an offer of judgment. That settlement came as a result of an offer of judgment for $125,000. So that's the same one we were just talking about. Correct. Which then was settled for $101,000. But it stayed in Federal court, and what I would call shift one also stayed in Federal court because it was voluntarily dismissed. That is correct. I'll note one more thing about Chan v. Safeco, which is this offer of judgment. Interestingly, I think Safeco may have had an eye to the next removal because they offered in this offer of judgment an individual value of $75,000.01 and then added on some attorney's fees. And plaintiffs, when we accepted that offer of judgment, and I'm sure Your Honors are familiar with sort of the catch-22 that offers of judgment can present for plaintiffs in deciding whether to go forward or not, plaintiffs said we're accepting this even though it is five times the value of this case. So cases settle all the time for various amounts. That's not competent evidence of the value of that case, let alone this case. Let's hear on this. The $101,000.01 with $85,000.00 for fees, I mean, I'm not saying who manipulated what, but that left the value of the claim below $75,000.00. Is that right? Was that the whole idea, partly? Correct. You just said that you wouldn't take an offer that said the value of the case is $75,000.00 and only add a small amount of fees. You got a lot of money, but you got it mostly for the fees. Correct. We were making clear about the value of the case. But I guess to give you my question or take on this is there have been a bunch of these cases. Some of them did end up staying in federal court and not being remanded. They were not remanded for a variety of reasons, settlement, voluntary dismissal, and so on. But the notion that this struggle of what court it should be in is wholly improper when you have this history of sometimes it stays, sometimes it doesn't. Sometimes it's remanded, but it's been held not to be objectively unreasonable. It seems to me to say there's a lot of fighting going on, but it's hard to say that that's an unusual circumstance. If you had won all of these before, if the judge's statement, whether proper or not, that this has been removed three times, it's been kicked back every time, and it's been held unreasonable, then I'd think you're good. But tell me why what you don't have when you read the previous contest, more like what I said. There is a long and complicated history. That's correct. What is the case is that none of these cases, multiple cases, have been removed. None of the cases have—Liberty has never won a motion to remand. None of the judges in any of these cases have found that its removal was proper, and that is what Judge Peckman was looking at. She was focusing on three cases, Curbs, Chan v. Liberty Mutual, and Schiff v. Liberty Mutual, this case, and she was focusing on the fact that all three of those cases were wrongfully removed. The remand order stood, and she made a factual finding. If you look at her hearing at Chambers— The Schiff was not remanded. It was voluntarily dismissed. You're talking about this Schiff. This Schiff. Oh, this Schiff. Sorry, yes. This current case in front of us. All right, and then what were the other—Curbs goes your way, and what was the other one then, Chan? Chan v. Liberty Mutual was remanded. Mutual, so she's looking at that and doesn't advert to Chan v. Safeco at all. Right. Okay. I want to go back to what the important thing in this case is. She made a finding—the district court made a finding of unusual circumstances. This is a separate basis for fees, and she premised that finding of unusual circumstances on finding that this attorney and these related defendants in related cases had a bad faith motive for removing these cases, and that they were doing so in order to prolong the litigation and increase the fees. And as Judge Boggs has said in a Sixth Circuit case, which is one of the only ones that has interpreted and applied unusual circumstances, a bad faith motive indisputably—a finding of bad faith motive indisputably qualifies as unusual circumstances. And that's the case even if objectively—there is an objectively reasonable basis for removal. All right. Can we go to whether there is an objectively reasonable basis? Yes. Okay. There is not an objectively reasonable basis for removal here, and there's multiple reasons. Liberty made two arguments, Federal question jurisdiction and diversity. On the Federal question, as the Seventh Circuit said in a decision, Dublathan, that we supplemented with recently, it's not even a close question on this set of facts. The class claim here is based only on State law. There are no Federal law claims here, and it's well established that an affirmative defense can't create Federal question jurisdiction. As Your Honor said in questioning Liberty's counsel, there's even more steps removed than this being an affirmative defense. There are—it's a—basically it's all speculation. Liberty is moving based on a possible rejoinder to a possible affirmative defense that might come up if in fact the class is later certified to include these Lebanon class members. And I will note again— And there are other class—aside from the individual, there could still be a class that doesn't include the Lebanon class members. Correct. Dr. Schiff himself is not a Lebanon class member. But there are other people who are not. There's over 100 people who are not Lebanon class members. There's a whole host of ways this could never come up. The putative class, at least at the moment, does include some that are— It does, correct. It does. The other thing that's important is that Liberty focuses only on the Grable test because it can't get around the fact that you can't manufacture Federal question jurisdiction from an affirmative defense. But under Grable, Judge Peckman was correct that this would not necessarily be raised, as we've talked about. It's three steps removed. But not only that, I read Grable as talking about a state claim which by definition incorporates, embeds a Federal question. If you look at the actual cases, that's what we're talking about. That's not true here. This has to do with the particular circumstances of what went on here, but it's not inherent in the state claim in any way. But let's go to the other issue because I think it's the harder one for you, actually, which is the individual claim. Yes, the individual claim. So I'll note again that this is a state class action. It's a putative class action. It hasn't yet been certified. I'm not talking about the class action here. I'm talking about the individual claim and the $75,000. Yes. So my first point is, I'm getting there, CAFA includes uncertified classes. This is — the attempt to remove based on individual diversity jurisdiction is a clear end run around CAFA, which is what Judge Peckman found here. I don't even understand what that means. I mean, there is an individual. He was removed. His claim was removed. What's the difference if it was an end run? There is or isn't jurisdiction over it. There is not jurisdiction over that. So, first, Liberty cannot meet the $75,000 threshold. It is — there's a $103 claim here, and at the time of removal, this is undisputed, there were $1,500 in damages. Liberty admitted in chambers — In fees. You mean in fees. In fees, thank you. Liberty admitted in chambers that it could not get to $75,000 with damages alone. So the only way it can get there is with fees. And it's very clear that you cannot consider fees after the time of removal, and you especially cannot consider — I'm sorry. I thought the Ninth Circuit recently held that you could. I believe that the Ninth Circuit recently held that you cannot. But what is clear — and I can take a look at that, Your Honor. The Fritz case doesn't say what he says it says. I believe that it settled it saying that you can only look at fees in removal after the time of removal. Regardless of what happened after this time, the relevant point, it seems to me, is that there was a split in district court authority, and there was no controlling Ninth Circuit authority on this question. So that alone, it seems to me, gives them an objectively reasonable basis for counting the post-removal fees, no? Even those cases, the majority of cases said you could not consider post-removal fees. The minority of cases said you could, but those cases said you only could consider — I'm a lawyer, and I have — there's no controlling authority in my jurisdiction, but there is some authority that affirmatively supports the position I'm taking. How could any district court say you lack an objectively reasonable basis for making that argument when other judges have agreed with you? Because that authority that says you can consider post-removal fees says you can only do so if you can prove those fees and that they're not speculative. And here it is completely speculative. What about the settlement offer that was in that other case? We talked about that a little bit, but parties offer to settle all the time. It's not necessarily an indication of the value of the claims. Can I ask a question? And the offer of judgment was five times the value of the case, and we made that clear. So the offer of judgment was from the defendants? Correct. Right? Yes. Okay. So it wasn't the plaintiff's own estimate of their fees? Correct. Right. There was never a statement by the plaintiff that the fees amounted to this much and that got up to $75,000. I'm sorry. I am confused, and I thought you all, or not you all. I don't know if it's you or some other lawyer, but I thought that it was a plaintiff's side offer to settle the case for $125,000. I thought that was the settlement demand made. There was an initial sort of dating back. There was an initial settlement demand for $125,000. From the plaintiff's side. From the plaintiff's side. I'm sorry. That settlement offer did not. That's what I was asking you. Oh, okay. That settlement offer did not segregate out the value of the claim versus the fees? Their point is that the underlying individual claim was equally sort of small dollar as the one at issue in this case. So they had a reason to extrapolate out that, I guess, the majority of that is for attorney's fees. In figuring out whether, in fact, $75,000 of attorney's fees would be attributable to this individual, we have to look at the status of the cases and the distinctions. Chan v. Faveco was an individual case in which the class action had already been dismissed. This case is a putative class action in which, if it goes forward, it will be litigated in some sense as a class claim. And you cannot, although the law is very clear, segregate out attorney's fees attributable to the individual when there's a class. But you can't be too spaced about whether the class claim is in here now or isn't in here now. Right? If you think we should be counting the class claim, then it seems to me you've thrown away your strongest argument for why there's no pentence jurisdiction, even if there is jurisdiction over the individual. I mean, we either do or we don't count these people in the sky. If you do consider only the individual claim, we can't get to $75,000. It would eviscerate individual jurisdiction to say that a $103 claim could have $75,000 in fees that liberally would prove to a legal certainty. I mean, there are times when, I mean, this is really the struggle that's been going on in the class arbitration cases. I mean, precisely because often for an individual case, you have to prove everything you would have to prove for the class. That's the problem. And that's why attorneys like you want to have classes because you can't really litigate these practically with regard to an individual because you would have to prove up everything you would have to prove up for the class. And it would be extremely time-consuming and expensive. Whether this is such a case, that I don't know, but we don't seem to have a record about it at all, about what would be entailed in proving this case. What is clear, and I want to go back to the standard of review that the district court was correct about, which is that where the complaint states a certain amount, and here the complaint stated a certain amount, that statement of how much is at issue, the amount in controversy, is taken in good faith. And then the burden shifts to the defendant to prove to a legal certainty that that is not in that statement. It's not a legal certainty. Where are you getting the legal certainty from? Legal certainty comes from... Doesn't the statute specifically say in express terms that it's a preponderance? The statute does not say that. So the cases are a bit unclear on federal questions. It's a web of cases, I will admit, but in the Via Playa case is a good place to look that cites a bunch of cases. It's clear that in this limited circumstance where a certain amount is stated on the face of a complaint, the defendant has to prove with a legal certainty that that is not true. Isn't it 1446C2B? I believe the same thing Judge Verzon was probably citing. It says preponderance. So it's the general proposition that in removals there is this presumption against removal and all doubts need to be... Excuse me. Removal of the action is proper on the basis of an amount in controversy asserted into paragraphs, subparagraph A, if the district court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in Section 1332A. So what am I missing? There has been a specific line of case law about this very nuanced, limited situation, but I want to... What's the nuanced, limited situation? The limited situation where the plaintiff states the actual amount in controversy on the face of the complaint versus when it's not stated. But I don't want us to get too sidetracked about preponderance of the evidence versus legal certainty because in either situation, liberty has not met its burden of proving that it would necessarily or that it would get to $75,000 in fees. In non-CAFA cases, the presumption is against removal and all doubts need to be resolved against removal. And looking at the number of speculations that liberty has to go through in order to establish that they would get to $75,000, you can't say that. Well, let me ask you one last question. Suppose they did get there. Would there be pending jurisdiction over the class? I don't believe there would, Your Honor. As you said previously, the class hasn't been certified, and so you wouldn't have pending jurisdiction. I would urge us to go back. Then what? Then you would remand the class claim? What would happen? I mean, you can't have a class without a leader. I mean, looking practically, ultimately that's why this removal strategy that Liberty Mutual undertook is a complete end run around CAFA because we have a class claim. I don't understand why that matters. I mean, either what they did works or it doesn't work. And it doesn't work here. CAFA was established for a reason, saying when we have a class claim, whether that class claim has been certified or not, if you want to establish an amount in controversy and in diversity situations to get yourself into federal court, you have to prove $5 million. They can't do that here. They don't presume to do that here. Instead, they're trying to parse out the claims in a way that defies reality. Okay. Thank you. Can I ask you the same question you asked your adversary? Let's suppose that we decide the judge was wrong, finding no unusual circumstances. Should we then go ahead and decide these objectively unreasonable issues or should we remand, let the district court have the first crack at it? I think if you are inclined to decide the objectively reasonable basis, I think you should go ahead and decide it and find that there was no objectively reasonable basis. But I urge you to find that there are unusual circumstances here and that the judge did not abuse her discretion in finding that there was a bad faith motive for removing. That is reviewed for abuse of discretion, and that would need to be a clear error. The standard is very clear that if there's two different interpretations of the evidence and the judge picked one, that is not an abuse of discretion. And she saw this pattern and the realities of the cases before her with these litigants and all of this pattern of removals and found that they were wrongful, that there were three removals that stood, and that there was bad faith. Can I ask you one last question about the three removals? One of them was not Liberty but Safeco, is that right? That's correct. One was Safeco. So how does that fit in? Yeah. Because they're related companies? They were represented by the same attorney, and they are a related company. They're a wholly owned subsidiary, and in this line of cases, the same attorney has represented them in tandem. There have been, during the Chan v. Liberty and Chan v. Safeco cases, there were stipulations that the parties entered into covering both parties. There was a joint litigation strategy. And there's no authority that you would need to limit looking at unusual circumstances to only the exact defendant in front of you, and, in fact, that would really undermine the purpose of 1447C, which really, as Martin said, vests the district court with broad discretion to consider unusual circumstances and to further the purposes of 1447C, which is to deter unlawful, wrongful removals. Okay. Thank you very much. Thank you. Thank you for your argument. Thank you, Your Honor. I'd just like to clear up a couple of points. First of all, there was an assertion that the Chan removal order stands. This court, of course, in 2017 held that the Chan removal order was erroneous, but it lacked appellate jurisdiction to bring the case back to federal court. Oh, but not erroneous. Remand. I'm sorry. Not erroneous for this reason. Erroneous for an extraneous reason. Erroneous and extraneous to this case. That's right. Timeliness is not an issue in this case. But there is no valid remand order in Chan. It was just a matter of the limits of appellate jurisdiction to bring the case back to federal court under 1447D. With regard to the valid remand order, I mean, the district court issued it. District courts have authority to do it. It's perfectly valid. It was effective, but it was legally erroneous as this court held. No, but not on the ground that you're arguing for. All right. Go ahead. With regard to the attorney's fees, to Judge Barr's question, I think another reason not to address the objective reasonableness is that an attorney's fees award in this case really rewards what has been, you know, throughout the briefing of these issues at the district court and then before this court, a series of meriless arguments we've had. And many of these led the district court into error. I'm sorry. You said a reason not to address it. Do you mean a reason not to find it objectively and reasonably? Well, a reason not to award attorney's fees. On one basis or the other. That's correct. And if you look at the holdings of the district court in its remand order, from younger abstention applying even though this is not a criminal or quasi-criminal enforcement action, from collateral estoppel being deemed a colorable argument where there's no final judgment, from the legal certainty standard that we said, yes, it's in the statute, it's in dark Cherokee, it's in the cases that you cite, over and over we have these meritless arguments that are being relied on and are being put in front of the district court. And in both the Curbs case, based on subsequent precedent that validated our arguments for removal, and then in the Chan case where this court rejected the arguments that Chan's counsel had made, our positions are the correct positions. They're ending up in remands, but they're the correct positions. And so that has continued into this case. And so I would urge this court not to award fees for that type of advocacy. If there are no further questions. Thank you very much. Thank you both for your arguments. The case of Schiff v. Liberty Mutual Fire Insurance Company is submitted, and we will go to the last case of the day and of the week. The next two cases are submitted on the briefs, so we'll go to the last argued case of the week, Silbel v. Chapman.
judges: Boggs, Berzon, Watford